UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLIS RUBENS HOWARD,<br><br>        Plaintiff,<br><br>    v.<br><br>PENNER, et al.,<br><br>        Defendants. | Case No. 1:24-cv-00897-HBK (PC)<br><br>ORDER DENYING EX PARTE MOTION FOR STAY OF CASE<br><br>(Doc. No. 11) |

Pending before the Court is Plaintiff's "Ex Parte Motion for Stay Pending Release From Prison," filed October 31, 2024. (Doc. No. 11). Plaintiff requests a stay of the case for 90 days because he anticipates being released from CDCR custody in December and would like to retain counsel before proceeding further with this case. (*Id*. at 1-2).

A federal court enjoys "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Here, however, the Court finds that a stay of Plaintiff's case is not warranted. The Court recently screened Plaintiff's Complaint and found it failed to state any cognizable claim. (*See* Doc. No. 10). Thus, this case has not proceeded past the preliminary screening stage and there are no proceedings to be stayed. Plaintiff remains under a Court-ordered deadline to respond to the Court's October 31, 2024 Screening Order.

Here, the events giving rise to Plaintiff's Complaint took place in late August 2023 and

September 2023. To the extent Plaintiff wishes to retain counsel to assist him in litigating this action, Plaintiff has the option of voluntarily dismissing this action without prejudice under Federal Rule of Civil Procedure 41. Counsel may then refile a new action before the applicable limitation period elapses. In this regard, the Court apprises Plaintiff of the potential applicable limitations period.

Because §1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). California's statute of limitations for personal injury actions is two years. *Jones*, 393 F.3d at 927 (citing Cal. Code Civ. Proc. § 335.1). The law of the forum state also governs tolling. *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538–39 (1989)); *Jones*, 393 F.3d at 927 (noting that in actions where the federal court borrows the state statute of limitation, the federal court also borrows all applicable provisions for tolling the limitations period found in state law). Under California law, the statute of limitations for prisoners serving less than a life sentence is tolled for two years. Cal. Code Civ. Proc. § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005). The two years of tolling applies so long as a plaintiff was incarcerated at the time the cause of action accrued. *See, e.g., Fink v. Shedler*, 192 F.3d 911, 915 (9th Cir. 1999) (applying Cal. Code Civ. Proc. §352.1 to former prisoner's Eighth Amendment claim), *as amended on denial of reh'g and reh'g en banc* (Dec. 13, 1999). Thus, as long as a plaintiff was in prison when the claim accrued, he is entitled to tolling during the time he was incarcerated from the accrual date (not to exceed two years), plus the two years of the statute of limitations.

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388; *Hardin*, 490 U.S. at 543–44 (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391. Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or

has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). At the earliest, Plaintiff had knowledge of the events in August 2023.

Accordingly, it is **ORDERED**:

1. Plaintiff's Ex Parte Motion to Stay Proceedings (Doc. No. 11) is **DENIED** for reasons set forth herein.
2. Plaintiff remains required to submit to correctional officials for mailing a response to the Court's October 31, 2024 Screening Order (Doc. No. 10) **no later than November 26, 2024**.
3. Plaintiff's failure to comply with the October 31, 2024 Screening Order will result in the undersigned recommending Plaintiff's case be dismissed for failure to prosecute and comply with the Court's Order.
4. In the alternative, Plaintiff may file a Notice of Voluntary Dismissal Under Rule 41, if he wishes to retain counsel after his release from prison to litigate this action by filing a complaint in a new action before the expiration of the applicable statute of limitations.

Dated:   November 4, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3